**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00267-CV**
_____

**IN RE DAVID BROWN**

_____

**Original Proceeding**
**County Court at Law No. 6 of Montgomery County, Texas**
**Trial Cause No. 26-06-10570**
_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus Relator David Brown, for himself and on

behalf of R.B., a juvenile,[1] challenges the trial court's Order of Release with

Conditions and Order Affecting Parents and Others for Child under Conditions of

Release. In his mandamus petition, Relator asks this Court to make a de novo

_____

[1] Relator David Brown alleges he is the parent of R.B. He states he "appears both in his own right and as next friend of the Child." Given our disposition below, we do not reach the question of whether David Brown has standing to appear or authority to appear as a non-attorney and "next friend of the Child[]" in this mandamus proceeding. It also appears from one item attached in the appendix that R.B. may have had an attorney at one of the hearings.

determination regarding probable cause, review evidence that is not before this Court, vacate the trial court's orders (when signed official copies of those orders have not been provided to this Court), and either dismiss the trial court case or transfer the case to another court. We deny the mandamus petition and any request for temporary relief.[2]

Based on the limited materials provided by Relator, it appears that on June 22, 2026, the County Attorney, acting through an Assistant County Attorney, filed a petition alleging R.B. engaged in Delinquent Conduct. It also appears that on July 2, 2026, after an informal detention hearing, the trial court released R.B. to Relator with specific conditions of release. *See* Tex. Fam. Code Ann. § 54.01(o). And it appears that on July 2, 2026, the trial court found R.B. needs assistance complying with the conditions of release, and the trial court issued a written order pertaining thereto. *See id.* § 54.01(r).

---

[2] The petition contains numerous defects, the most notable being that Relator failed to provide this Court with certified copies of dated and signed orders and a reporter's record of the hearing. *See* Tex. R. App. P. 52.7(a). Additionally, Relator has failed to include a certificate of service stating he served the other parties, the petition lacks bookmarks, the petition contains an improper font, spacing, margins, and lacks a certificate of word count. That said, we may use Rule 2 to look beyond the deficiencies in the mandamus petition to reach an expeditious result. *See* Tex. R. App. P. 2 ("On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case and order a different procedure[.]").

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

We conclude that on this record, the Relator has not shown that he is entitled to mandamus relief.[3] Accordingly, we deny the petition for a writ of mandamus and any motion for temporary relief. *See* Tex. R. App. P. 52.8(a); 52.10(a).

---

[3] As alternative relief, Relator asks this Court to consider his petition as an original petition for a writ of habeas corpus. *See* Tex. Gov't Code Ann. § 22.221(d). We may issue a writ of habeas corpus "when it appears that the restraint of liberty is

PETITION DENIED.

PER CURIAM

Submitted on July 8, 2026
Opinion Delivered July 9, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.

---

by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." *Id.* At this time, the record provides no indication that the trial court has held Relator or the juvenile in contempt.

4